Judge Simpson
delivered the opinion of the Court.
In the year 1841 Sarah Winstead, being the owner of a female slave, intermarried with one Samuel White-sides. Prior to her marriage she had hired out the slave for one year. Before the expiration 'of the year, her and her husband both died; she, however, having died before her husband.
After the death of the husband and wife, John Morrow claiming to be a creditor of the wife before her marriage, administered on her estate, and took into his possession the aforesaid slave. He returned an inventory of her estate, which contained the slave only, and made a settlement with the County Court, in which he brought the estate in his debt — the assets in his hands being insufficient to discharge his demand against his intestate.
The husband’s executor having obtained a judgment against Morrow for the value of the slave in an action at law, the latter brought this suit in chancery for the purpose of subjecting the slave to the payment of his debt, or, if that could not be done, to obtain a decree against the estate of the husband for the amount due to him by the wife previous to her marriage.
This case having occurred previous to the passage of the act of February 1846, further to protect the rights of married women, is not affected by its provisions, but has to be decided by the law as it stood prior to the passage of that statute.
It is contended that as the slave was .hired out at the time of the marriage, and the husband died before he obtained the possession of it, his executor has no right to it, that the title to it vested in the administrator of *412 the wife, and it is assets in his hands for-the payment of his wife’s debts.
The right of a husband, in the slaves of his ■wife, which are hired out at the time of the marriage, is not a mere chose in action-, the title vests absolutely in the husband, and upon the death of the wife even before the expiration of the hiring, the husband is entitled to the slaves: Banks vs Marlcsberry, 3 Lilt,, 283-4; Turner v Davis, 1B. Monroe, 152.) And in such case the executor of the husband. having recovered the slave at law, the administrator of the wife is concluded by such judgment from asserting title in chancery to the slave.
The liability of the husband for the debts of the &re’ Coverturej during the coverture: upon her death hishabuity ceases — and lawl's in equity* temlddec¿ions[ (Clancy on the pra)0 °mm
B. Sj- A. Monroe for plaintiff; J. éf W. L. Harlan for defendant.
The right which the wife had to the slave at the time of her marriage, was not a mere chose in action. She was the general owner of the property, in which the hirer had merely a special interest. Upon the marriage the title vested in the husband, if not absolutely, at least sub modo, so that upon the death of the wife, before the termination of the interest of the bailee on hire, he became entitled to it as survivor: (Banks vs Marksberry, 3 Litt. 283-4; Turner vs Davis, 1 B. Mon. 152.) The executor of the husband, therefore, had a right to the slave. She belonged to the estate of the husband and not that of the wife, and was not liable for the payment of her debts. Besides, the judgment at law concluded this question, it being necessarily involved in the trial of the issue in that case.
The husband’s liability for the debts of the wife continued only during the coverture. After her death that liability ceased. It is now contended, however, that the legal liability of the husband alone was terminated by the death of the wife, and that he still remained responsible in equity to the extent of the estate that he had acquired in right of his wife. •L °
T . , , . , , , , it was formerly held, that the husband was chargahie equity, after the death of his wife, for her debts to the extent °f her personal fortune he had received with her. This doctrine, however, was afterwards overruled, and it is now well settled, that the rule as to the husband’s responsibility is the same in equity that it ÍS at laW : (Clancy on Rights, p. 15.)
As the husband’s estate was not liable for the complainant’s demand against the wife, the decree of the Court below, dismissing the complainant’s bill, was proper..
Wherefore, the decree is affirmed.