## LAMB vs. D. W. & F. BELDEN.

The husband is not liable, after the death of his wife, for debts contracted by her while a feme sole, unless judgment has been recovered therefor against him in the lifetime of the wife.

And this, although at the time of the death of the wife, a suit by attachment be pending against them for such debt, and property of the husband taken by virtue of the attachment and placed in the hands of the sheriff—the attachment lien being imperfect and inchoate, until judgment rendered, and dependent thereon.

*Error to the Circuit Court of Arkansas County.*

Hon. THEODORIC F. SORRELLS, Circuit Judge.

PIKE & CUMMINS, for the plaintiff. Plea alleging death of wife after suit, was a good bar to the action as to the husband. 15 *Wend.* 360; 2 *Kent* 143; 1 *Sch. & Lef.* 263; 3 *P. Wms.* 409; 2 *Rop. on H. & W.* 73, 74; *McQueen's H. & W.* 193; 5 *Barr* 359.

WATKINS & GALLAGHER, contra. Did the cause of action survive against defendant after the death of his wife, by virtue of the lien created by the still subsisting levy of the attachment, as against the property levied on thereunder?

We maintain that the levying of an attachment upon personal property, constituted such a lien thereon as cannot be defeated as to the property levied on, except by matter of defence to the cause of action itself. *Burwell vs. Robinson,* 5 *Gilman* 282; *Brown vs. Tutrell,* 1 *Iowa* (*Greene*) 189; 11 *Humph.* 569; 3 *McLean* 542; 6 *Iredell* 233; 2 *Brevard* 201; 7 *How. Miss.* 658; 1 *McLean* 95. And the lien of attachment cannot be defeated by

bankruptcy of defendant committed after the attachment lien attached. 10 *Metc.* 320 ; 5 *ib.* 294 ; 1 *Day* 136 ; 6 *Law Reporter* 109 ; 6 *New Hamp.* 459 ; 4 *Day* 127.

Mr. Justice SCOTT delivered the opinion of the Court.

This action was commenced by attachment. The declaration shows a promissory note executed by Lamb's wife, when a *feme sole*, and her subsequent intermarriage with Lamb. The attachment was levied in April, 1854, upon goods, wares and merchandise, which were taken into the custody of the sheriff. At the October term, 1854, of the Arkansas Circuit Court, in which this cause was then pending, Lamb pleaded that since the institution of this suit, to wit: on the 1st day of October, 1854, his then late wife aforesaid departed this life, whereby he became exonerated from liability on the demand in the declaration mentioned. To this plea the Beldens interposed a demurrer, which the court sustained, and Lamb electing to rest, the Beldens suggested and proved the death of Mrs. Lamb, since the commencement of this suit, and the court ordered it to abate as to her, and proceeded to render final judgment against Lamb, who has brought the case here by writ of error.

The authorities distinctly show that the husband is not liable after the death of his wife, for debts contracted by her while a *feme sole*, unless judgment has been recovered therefor against him in the lifetime of the wife. Her death extinguishes forever all such liabilities, not at that time in judgment against him. And this is the rule, both at law and in equity, although the husband may have received a fortune by his wife, (besides the authorities cited by the counsel for the plaintiff in error to this point, see *Morrow vs. Whitesides Ex.*, 10 *B. Mon.* 412 ; *Buckner vs. Smith*, 4 *Dessau R.* 371 ; *Witherspoon vs. Dubose*, 1 *Baileys Ch. R.* 166 ; *Henning's Edition of Noyes Maxims* 35.)

Under the attachment laws of this State, the property attached in case it be not released in the manner provided, or its proceeds, if perishable, is to remain in the hands of the officer to abide the

judgment of the court on the plaintiff's demand. Thus the lien created by the statute can never be of any avail to the plaintiff until he obtains a judgment in his favor upon his demand. Until then, his lien is inchoate and imperfect. If he fails to establish his claim, and judgment is rendered against him, his inchoate lien vanishes at once. Thus it is essentially dependent upon the judgment to be rendered in the cause; where therefore, the defendant interposes by his plea, as in this case, an insuperable obstacle to any judgment upon the plaintiff's demand in his favor, this inchoate lien must necessarily be at end in the judgment that will be rendered upon such a plea.

The bankrupt and insolvent cases cited, therefore, are not in point; because, in these the plaintiff is enabled to go on and perfect his inchoate lien by a judgment against the defendant, notwithstanding the bankruptcy or insolvency, although execution will go out only against the property attached. And besides by the act of Congress the lien is expressly saved. See *Davenport et al. vs. Titton*, 10 *Metcalf* 320.

And so, also, in the cases where the defendant dies pending the suit, and judgment obtained against his representative, unless otherwise provided by statute. In Alabama there is a statute to the effect, that no suit shall be either commenced or sustained against an executor or administrator after the estate of the testator or intestate shall have been declared insolvent by the orphans' court. Under that statute, a question, strictly analogous to that we are considering, arose upon the following state of facts: A suit had been commenced against Carpenter, as the drawer of a bill of exchange, by *capias ad respondendum*. Afterwards, the plaintiff, under the provisions of the statute in that State, sued out, in the same suit, an ancilliary attachment against the defendant, which was levied upon land and personal property, and created a lien thereon in favor of the plaintiff of like character with that, that would have arisen had the suit been originally commenced by attachment as the principal process; and that lien was of the character of that created by the service of our process of at-

tachment.   Pending that suit, Carpenter died, and Hale becoming his administrator, was substituted as party defendant.   In the mean time, Hale had reported to the orphan's court that Carpenter's estate was insolvent, and it was so declared by that court. And he pleaded this declared insolvency of the estate in abatement of the further prosecution of the suit in the court in which it was pending.   The plaintiffs replied, setting up their attachment lien.   A demurrer was interposed to this replication ; and upon the issue of law arising, the plaintiffs insisted that they had acquired positive rights by the levy of the attachment, which would have been recognized if Carpenter was living; and, therefore, ought to be enforced notwithstanding his death, and that if they could not be permitted to go on to judgment, and get the benefit of their attachment lien, the result would be that they would get but a *pro rata* on their debt, in the orphans court, instead of the whole amount, as they would, if allowed to make their lien available by a judgment in the court in which they were proceeding.   But the Supreme Court held that because the law declared that the suit should abate upon such a state of facts, as that pleaded, the lien created by the attachment would necessarily be at end; that the lien was but inchoate and dependent upon whether a judgment should be had for the plaintiff, and as the law interfered and prevented the further prosecution of that remedy, the inchoate lien could not mature.   *Hale adm. vs. Cummins & Spiker*, 3 *Ala. R.* 398.

In the case before us the law acts upon the remedy by extinguishing the right which was dependent for its life upon the life of the wife.

The judgment must be reversed and the cause remanded.